# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NAMER; IAR COMPANY; BUSINESS MANAGEMENT INFORMATION SYSTEM, INC.; and AMERICA ACADEMY OF POOL DESIGNERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CASE NO. 16cv3024 JM(WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION; GRANTING LEAVE TO AMEND |

Plaintiffs Robert Namer, IAR Company, Business Management Information System, Inc., and America Academy of Pool Designers, Inc. ("Plaintiffs") move for reconsideration of this court's March 30, 2017 Order Granting Motion to Dismiss. ("Order").[1] Specifically, Plaintiffs contend that the court committed clear error by dismissing as time-barred two of Plaintiffs' five claims without leave to amend: negligence and aiding and abetting conversion. Defendant Bank of America, N.A. ("BANA") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument.

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

---

[1] The court incorporates the Order as if fully set forth herein.

manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); Fed.R.Civ.P. 60(b) and 59(e). Plaintiffs contend that the statutes of limitations at issue, two years for the negligence claim and three years for the conversion claim, were tolled pending their attempts to negotiate a settlement of their claims, the filing of the Louisiana Action, and Plaintiff Namer's stroke.

These arguments largely fail for several different reasons.[2] First, Plaintiffs primarily rehash previously raised arguments or, alternatively, assert new arguments, neither of which is appropriate on a motion for reconsideration. See School Dist. No. 1J, Multnomah County, Oregon, 5 F.3d at 1386; Backlund v. Barnhart, 778 F.2d 1386 (9th Cir. 1985). Second, to prevail under an equitable tolling theory, Plaintiffs must establish that they exercised reasonable diligence, something they fail to do.[3] See Bernson v. Browning–Ferris Industries, 7 Cal.4th 926, 931 (1994). Equitable tolling applies "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozana v. Montoya Alvarez, 572 U.S. 1 (2014). The fact that Plaintiffs originally filed their claims against BANA in a federal court (Eastern District of Louisiana, the "Louisiana Action") lacking jurisdiction over claims which occurred entirely in San Diego County, or that Plaintiffs and BANA engaged in settlement discussions related to the Louisiana Action, do not, standing alone, constitute extraordinary circumstances warranting the application of equitable tolling principles. Similarly, the bare and conclusory allegation that Plaintiff Namer suffered a stroke in June 2016, after the statute of limitations had expired on the negligence claim in September 2015, and shortly before expiration of the statute of limitations on the conversion claim, fails to plausibly

---

[2] Plaintiffs filed this action 38 months after discovery of the events giving rise to Plaintiffs' claims.

[3] Even after the dismissal of the Louisiana Action, Plaintiffs waited seven months before commencing the present action.

establish extraordinary circumstances and that Plaintiffs acted with reasonable diligence in pursuing their claims. During Plaintiff Namer's period of alleged disability, from June through November 14, 2016, the FAC alleges that Plaintiff Namer prepared and filed the original complaint in this action on November 14, 2016. (FAC ¶117). Plaintiff Namer's ability to file this action while allegedly incapacitated from a disabling stroke undermines the argument that Plaintiff Namer suffered from a disabling medical condition from June through November 14, 2016.[4] Third, Plaintiffs were represented by counsel from September 2013, to the present time. This allegation mitigates against tolling the statute of limitations.

Finally, notwithstanding the denial of the motion for reconsideration on the merits, the court grants reconsideration on the dismissal of the conversion claim with prejudice, but not the negligence claim. As there may be circumstances under which Plaintiffs may assert a basis for tolling the statute of limitations, the court dismisses the aiding and abetting conversion claim with ten days leave to amend from the date of entry of this order. Plaintiffs' conclusory allegation that Plaintiff Namer experienced a "stroke," without more, fails to set forth a sufficient basis to toll the statute of limitations. Plaintiffs are instructed to set forth specific allegations as to the nature and extent of the alleged stroke and its impact on the timely filing of this action.

In sum, the court grants in part and denies in part the motion for reconsideration, and grants Plaintiffs ten days leave to amend the aiding and abetting conversion claim.

**IT IS SO ORDERED.**

DATED: June 1, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[4] The court notes that the Second Amended Complaint ("SAC") fares no better than the earlier complaints because it simply alleges that Namer suffered a "stroke" in June 2016. (SAC ¶83). This conclusory allegation fails to establish that Namer suffered from a debilitating condition from June through November 2016.